(December 26, 1895.)

# LAWSON v. GENESEE FARMERS' ALLIANCE JOINT STOCK COMPANY.

[43 Pac. 191.]

PLEADING—CONSTRUCTION OF SESSION LAW OF 1891 AS TO STORAGE OF GRAIN.—Action for damages under provisions of an act entitled an act governing the storage of grain, etc., First Session Laws 1891, page 12, to recover damages. *Held,* that complaint states a cause of action.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

J. W. Reid and A. J. Green, for Appellant.

The question presented to the court is whether the complaint states a cause of action, and whether the act on which the complaint is based is valid. We submit that the act is valid and that the complaint having been based thereon and stated a cause of action, there was error in sustaining the demurrer and giving judgment for respondent. (Sess. Laws 1890-91, p. 12.)

S. S. Denning, for Respondent.

The complaint states that the contract was that the wheat was "received for storage at the owner's risk of unavoidable damage." There is no allegation in the complaint that the same and identical wheat was not returned to the plaintiff and holder of the receipts as was deposited by the original bailor, James De Haven, and that it had not been damaged by unavoidable cause. Since the statute is highly penal, even from a civil standpoint, as it gives damages both "direct and consequential," every allegation ought to be made so as to bring it within the purview of the statute.

SULLIVAN, J.—This is an action brought under the provisions of an act entitled "An act governing the storage of grain, flour, wool or other produce when received for storing, shipping, grinding or manufacturing," approved January 15,

1891 (see 1st Sess. Laws, p. 12), to recover damages for an alleged breach of contract contained in warehouse receipts issued by defendant on receipt of certain wheat delivered to it for storage by one James De Haven. The complaint alleges the corporate existence of defendant; that it was the owner of and operating a warehouse for the storage of grain at the town of Genesee, Idaho; that one De Haven delivered certain wheat to defendant for storage, and received from it receipts therefor, designating the grade or quality of the wheat, and containing the number of bushels so delivered, and other matter required by section 1 of said act, and guaranteeing the weight and grade of said wheat on board the cars at Genesee; that plaintiff became the owner of said receipts, and thereafter presented them to defendant, paid all charges due thereon, and demanded the possession of said wheat in accordance with the terms of said receipts, and avers that defendant, disregarding its duty and obligations in the premises, and without plaintiff's knowledge or consent, and in fraud of plaintiff's rights, refused and neglected to deliver the wheat called for by said receipts, but in lieu thereof delivered a large amount of damaged wheat of inferior quality. And further, in substance, alleges that by reason of the premises plaintiff was damaged in the sum of $765.86, and prays judgment for that amount. To the complaint defendant interposed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, which was sustained by the court. The plaintiff electing to stand on his complaint, judgment of dismissal was entered, from which judgment this appeal is taken.

The order sustaining said demurrer and the entry of judgment of dismissal are complained of as error. Section 7 of said act contains, *inter alia,* the following provision, to wit: "And all and every person or persons aggrieved by a violation of this act may have and maintain an action at law against the person or persons, corporation or corporations violating any of the provisions of this act to recover all damages immediate and consequential which he or they may have sustained by reason of such violation," etc. Section 6 of said act provides, among other things, that on the presentation of the receipts given by

any person or corporation operating a place of storage for grain, and on payment of the charges due thereon, such person or corporation must deliver the commodity to the owner of such receipt. The complaint alleges, in substance, that the defendant, disregarding its duty and obligation in the premises, and without plaintiff's knowledge or consent, and in fraud of plaintiff's rights, refused and neglected to deliver the wheat called for by said receipts, to plaintiff's damage. While the complaint contains much surplusage and redundant matter, it nevertheless states a cause of action. It alleges the violation of the provisions of said act by the defendant, and also alleges damages resulting to plaintiff therefrom. The demurrer to the complaint states as a cause of demurrer that the complaint does not state facts sufficient to constitute a cause of action, and thereafter in said demurrer are stated five propositions called by the pleader "special demurrers," neither of which comes within the provisions of section 4174 of the Revised Statutes, as a cause of demurrer. Some of the matter therein stated might be proper in an answer, but it has no place in a demurrer. The allegations of the complaint in regard to shipping the wheat to Tacoma, and a part thereof to San Francisco, are surplusage, but it may become necessary, in proving damages, to prove the shipment of the wheat to Tacoma and San Francisco. These are at best but probative facts, and not necessary to the complaint. Incidentally the question is raised whether the measure of immediate damages is the difference in the market price of the grade and quality of wheat called for by said receipts, and the market price of the grade and quality of wheat alleged to have been delivered to plaintiff and the market price of such grade at Genesee or Tacoma. I think the difference in the market price of such grades of wheat at Genesee would be the proper measure of such damages, that being the point where the wheat was to have been delivered to the owner of said receipts. The judgment of the court below is reversed, and the cause remanded, with instructions to overrule the demurrer, and to permit defendant to answer; costs of this appeal awarded to appellant.

Morgan, C. J., and Huston, J., concur.

## ON REHEARING.

SULLIVAN, J.—This is a petition for a rehearing, and it is urged that, as it is a case of great importance, a rehearing should be granted. In the opinion this court held that the complaint stated a cause of action. The question therein raised can be fully litigated and determined, and, if the defendant could convince the trial court that it delivered to the plaintiff the kind and quality of wheat called for by the receipts referred to, or that the plaintiff accepted wheat as of the kind and quality called for by said receipts, then he would be entitled to judgment. But if the allegations of the complaint be true that defendant, disregarding its obligations in the premises, and without his (plaintiff's) knowledge or consent, and in fraud of his rights, refused and neglected to deliver to plaintiff the wheat called for by said receipts, common honesty would require that defendant should pay the damages sustained by reason of such refusal, etc. No good reason appearing for granting a rehearing, the petition therefor is denied.